HENRY J. BARR ET AL. v. JAMES FLEMING.

In docketing the judgment of a Justice's Court under the act of April 4th, 1892 (*Gen. Stat.*, *p.* 1898), it is not necessary that the statement of the justice should expressly negative the issue and return of execution, when none has been issued, provided the statement be accompanied by the affidavit required by the proviso of the act.

---

On *certiorari* to the Middlesex Common Pleas.

Argued at November Term, 1897, before Justices VAN SYCKEL, DIXON and COLLINS.

For the plaintiffs, *Alan H. Strong.*

For the defendant, *Voorhees & Booraem.*

The opinion of the court was delivered by

DIXON, J. The plaintiff below, having obtained a judgment against the defendant in a Court for the Trial of Small Causes, had it docketed in the Middlesex Common Pleas, and the defendant now insists that the docketing is illegal. The only ground specified in the reasons filed or referred to in the briefs of counsel, for this contention, is that the statement of the justice does not set forth the date of the issue and return of execution nor in terms allege that no execution had been issued.

The pertinent statutes are the seventy-second section of the Justice's Court act (*Gen. Stat., p.* 1879) and the act of April 4th, 1892 (*Id., p.* 1898).

Section 72 prescribes three preliminaries for the legal docketing of a judgment—*first,* that an execution out of the Justice's Court be issued and properly returned; *second,* that there be filed with the clerk of the Court of Common Pleas a transcript of the proceedings from the justice's docket and a certified copy of the state of demand, the set-off and the return of the constable; and *third,* that there be likewise filed an affidavit of the party or his agent, that at the time of filing such transcript a certain amount stated, not less than $10, was still due, and that he believed the debtor was not possessed of goods and chattels sufficient to satisfy the amount due.

The act of April 4th, 1892, requires to be filed only a statement containing the names of the justice and of the parties, the amount and date of the judgment, and "the date of issue and return of execution, if any." This, plainly, is in lieu of the transcript and copies previously required. The act also expressly dispenses with the necessity of issuing and return-

ing an execution in the Justice's Court, and gives to the said statement "the same force and effect as if execution had been issued and returned as now required by law; provided, however, that an affidavit of the plaintiff or his attorney shall be filed with the clerk of the Court of Common Pleas with said statement, setting forth that the said judgment about to be docketed is *bona fide* and is still due and unpaid, in whole or in part." This affidavit seems to be in lieu of the issue and return of execution.

This act does not purport to repeal section 72 before mentioned, and whether it leaves, as essential to lawful docketing, the filing of the affidavit concerning the sufficiency of the debtor's goods and chattels to satisfy the debt, which that section requires, is a question which, in view of the special reason assigned and the limited scope of the briefs submitted in this case, we are not at liberty to decide.

We think that under the act of April 4th, 1892, an express negation of the issue and return of execution in the justice's statement is not requisite. The filing of the affidavit mentioned in the proviso of that act, which is made a substitute for the issue and return of execution, sufficiently indicates that no execution had been issued. Under section 72 a copy of the set-off, if any, must have been filed with the transcript, but it was never thought necessary to aver that no set-off had been presented.

Upon the reasons assigned the proceedings under review are affirmed, with costs.