HENRY A. CURTIS v. WESLEY B. STOUT.

Submitted December 10, 1902—Decided February 24, 1903.

The act of April 4th, 1892, concerning the docketing of judgments rendered in the courts for the trial of small causes (*Gen. Stat.,* *p.* 1898), authorizes the docketing of such judgments without an affidavit of belief that the debtor is not possessed of goods and chattels to satisfy the amount due.

---

On *certiorari.*

Before Justices DIXON and HENDRICKSON.

For the plaintiff, *Parker & Pearce.*

For the defendant, *Wesley B. Stout.*

The opinion of the court was delivered by

DIXON, J.   This writ brings up a docketed judgment entered in the office of the clerk of the Monmouth Pleas on September 25th, 1899, and the execution thereon issued.   The docketing is attacked because there was not filed an affidavit of belief that the debtor was not possessed of goods and chattels sufficient to satisfy the amount due, as required by section 72 of the Justices' Court act.   *Gen. Stat., p.* 1878.   The question for decision is whether this requirement was dispensed with by the later act of April 4th, 1892.   *Gen. Stat., p.* 1898. This question was noticed, but not decided, in *Barr* v. *Fleming,* 32 *Vroom* 431; *S. C.,* 33 *Id.* 449, and in *Brink* v. *Blazer, Id.* 175.   In *Grimshaw* v. *Carroll, Id.* 730, a question closely related was presented to the Court of Errors, and that court decided that, in docketing judgments of the District Court, the affidavit referred to was still essential, the fourth and fifth sections of the District Court act of March 27th, 1882 (*Gen. Stat., p.* 1260), not having abrogated that provision of the seventy-seventh section of the District Court act of March 9th, 1877.   *Gen. Stat., p.* 1228.   In reaching this conclusion, however, the Court of Errors laid chief stress upon the declaration in the act of March 27th, 1882, respecting the precise force and effect of its provisions, by which it clearly expressed a purpose to substitute those provisions for only two of the preliminaries required by the prior law, but left the third preliminary, the affidavit as to the debtor's property, unrepealed.

The act of March 4th, 1892, does not contain so narrow a definition of its scope, but, on the contrary, by its opening declaration as to what *only* shall be necessary in docketing Justices' Courts' judgments, evinces an intent to make compliance with its provisions sufficient in all cases to which its terms are applicable.   Under this view of the force of that law, the affidavit referred to is not required.

This renders it unnecessary to consider whether the supplement of March 22d, 1901 (*Pamph. L., p.* 365), validated previous docketings which were then void.

The docketed judgment and also the execution are affirmed, with costs.